UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTIAN G. TOMPKINS,

        Plaintiff,

v.                                                                                   Case No. 17-cv-1429-pp

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILNG FEE (DKT. NO. 2)**

---

On October 18, 2017, the *pro se* plaintiff filed a complaint asking the court to review the Commissioner's final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff's affidavit states that he is unable to work, that he has no income, that he does not own a car or a home, that he has no money in cash or in a checking/savings account,

that he has no other valuable property, and that his mother pays for his personal items. Dkt. No. 2. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and the $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and substantial evidence supports the decision. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's *pro se* complaint indicates that he's asking the court to review an unfavorable decision, that he had been having seizures, and that he recently had brain surgery. Dkt. No. 1. At this early stage in the case, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that appeal may have merit, as defined by 28

U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal without prepaying the filing fee. (Dkt. No.2).

Dated in Milwaukee, Wisconsin this 22nd day of November, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**